# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:95CR132

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| MICHAEL LEROY DARITY ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Preserve *Booker* Claims Under *Dodd*," filed January 11, 2006. The motion is denied.

The Defendant's case has had a long and tortured history in this Court. The Defendant was convicted in July 1997 after a jury trial of conspiracy to manufacture and distribute cocaine base. He was subsequently sentenced by the undersigned to a term of 384 months imprisonment on January 29, 1998. The Defendant appealed and the Fourth Circuit affirmed his conviction and sentence in all respects. ***United States v. Darity*, 181 F.3d 92 (4th Cir. 1999),** *cert. denied*, **528 U.S. 1128 (2000).** Thereafter, the Defendant filed a timely motion pursuant to 28

U.S.C. § 2255 to vacate, set aside or correct his sentence.  **See Motion to Vacate, filed August 2, 2000, in Civil No. 1:00CV168.**  The Court determined that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applied to the Defendant's sentence as "either a new rule of criminal procedure or as a substantive change in the law," was applicable to cases on collateral review, and vacated the Defendant's original sentence and imposed a new sentence of 240 months.  The Defendant's remaining claims were dismissed.  **Memorandum and Order, filed October 25, 2000, in Civil No. 1:00CV168; Judgment in a Criminal Case, filed December 4, 2000.**  Both the Defendant and the Government appealed the Court's rulings.  Thereafter, the Fourth Circuit affirmed this Court's dismissal of the Defendant's remaining claims, reversed the vacatur of Defendant's sentence based on *Apprendi*, held that *Apprendi* was not retroactively applicable to cases on collateral review, and directed Darity's original sentence of 384 months reinstated.  **See, *Darity v. United States*, 22 Fed. Appx. 277, 278-79 (4th Cir. 2001), *cert. denied*, 535 U.S. 1042 (2002) (citing *United States v. Sanders*, 247 F.3d 139 (4th Cir.), *cert. denied*, 534 U.S. 1032 (2001)).**  The original sentence was reinstated by Judgment filed April 16, 2002.

Undeterred, the Defendant filed a successive § 2255 petition in May 2005, alleging that the Supreme Court's decision in *Blakely v. Washington State*, 542 U.S. 296 (2004), required his sentence be vacated. In dismissing the petition as successive, the Court cited cases from various Circuits that held *Blakely* did not apply retroactively to convictions that were final at the time the decision was issued and cases from various Circuits that held likewise regarding *Booker v. United States*, 543 U.S. 220 (2005). ***See*, Order of Dismissal, filed June 8, 2005 in Civil No. 1:05CV217, at 2, 3 n.1.** Defendant now asks the Court to "preserve" his *Booker* claims pursuant to *Dodd v. United States*, 125 S. Ct. 2478 (2005), "until the [Supreme Court] decides the issue of retroactivity of the *Apprendi* line of cases." **Defendant's Motion, at 3.** Nothing in *Dodd* provides an avenue to "preserve" future claims nor does it support the Defendant's contention that he is entitled to relief. Contrary to the time when this Court's vacated the Defendant's original sentence applying *Apprendi* retroactively, the case law now is well settled that the "*Apprendi* line of cases" *do not* apply retroactively to cases on collateral review. **United States v. Price, 400 F.3d 844 (10th Cir. 2005) (*Blakely* not retroactive to convictions that were final at time of decision); *Varela v. United States*, 400 F.3d 864**

(11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005) (same); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *United States v. Marshall*, 117 Fed. Appx. 269 (4th Cir. 2004) (same); *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *United States v. Fowler*, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal

**cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED.**

Signed: February 23, 2006

Lacy H. Thornburg
United States District Judge