# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:95cr132-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL LEROY DARITY. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Modification of Sentence [Doc. 289].

The Defendant was indicted for conspiracy to manufacture and distribute cocaine base. [Doc. 3]. He was convicted by jury verdict of that charge. [Doc. 169]. His conviction and sentence were affirmed by the United States Fourth Circuit Court of Appeals. United States v. Darity, 181 F.3d 92 (4th Cir. 1999). In July 2009, the Defendant was found to be ineligible for a sentence reduction pursuant to the Crack Cocaine Guideline Amendment, Amendment 706. [Doc. 282]. On appeal, the Fourth Circuit affirmed that adjudication. United States v. Darity, 368 Fed.Appx. 378 (4th Cir. 2010).

The Defendant now moves for a sentence reduction claiming that Amendment 715, which became effective in 2008, should reduce his sentence. This amendment provided for a two-level reduction in the base offense levels for most offenses involving cocaine base together with at least one other controlled substance. U.S.S.G. App. C, Amend. 715 (Supp. May 2008); U.S.S.G. §2D1.1 cmt. n.10(D)(i). In this case the Defendant was convicted of conspiracy to manufacture with intent to distribute cocaine base only, but the Defendant's supplemental presentence report refers to offense conduct that includes a quantity of cocaine powder as well as the cocaine base, thus possibly bringing into play the application of Amendment 715.

The Court will require the Government to respond to the motion and to the issue of whether the Amendment applies under this circumstance.

**IT IS, THEREFORE, ORDERED** that the Government shall file response on or before thirty (30) days from entry of this Order.

Signed: October 1, 2010

Martin Reidinger
United States District Judge