# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:95cr132-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL LEROY DARITY. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Modification of Sentence [Doc. 289].

In December 1995, the Defendant was indicted for conspiracy to manufacture and distribute cocaine base. [Doc. 3]. He was convicted by a jury in July 1997 and sentenced to 384 months imprisonment. [Doc. 169; Doc. 199]. His conviction and sentence were affirmed by the United States Fourth Circuit Court of Appeals. United States v. Darity, 181 F.3d 92 (4th Cir. 1999).

In July 2009, the Defendant was found to be ineligible for a sentence reduction pursuant to the Crack Cocaine Guideline Amendment, Amendment 706. [Doc. 282]. On appeal, the Fourth Circuit affirmed that adjudication. United States v. Darity, 368 Fed.Appx. 378 (4th Cir. 2010).

The Defendant now moves for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) claiming that Amendment 715, which became effective in 2008, should operate to reduce his sentence.

In 2008, the Sentencing Commission adopted Amendment 715, <u>United States Sentencing Guidelines Manual</u> App.C (Supp. May 2008), which amended U.S.S.G. §2D1.1 App. Note 10(D)(i). The amendment was made retroactive by U.S.S.G. §1B1.10(c). <u>United States v. Dunphy</u>, 551 F.3d 247, 249 n.2 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009). The Defendant has moved for a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2) which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range that has subsequently been lowered* by the Sentencing Commission ..., upon motion of the defendant ... the court may reduce the term of imprisonment[.]

18 U.S.C. §3582(c)(2)(emphasis added).

Amendment 715 provided for a two-level reduction in the base offense levels for most offenses involving cocaine base and at least one other controlled substance. U.S.S.G. §2D1.1 App. Note10(D)(i).

Here, the Defendant's case involved 602.3 grams of cocaine base and 93.7 kilograms of powder cocaine. [Doc. 278]. Under the Drug Equivalency Tables, 602.3 grams of cocaine base converts to 12,046 kilograms of

2

marijuana and 93.7 kilograms of cocaine converts to 18,740 kilograms of marijuana. U.S.S.G. §2D1.1 App. Note 10(E). The combined equivalent quantity is 30,786 kilograms of marijuana. Under the Drug Quantity Table, 30,786 kilograms of marijuana results in an offense level of 38. U.S.S.G. §2D1.1(c). Applying the two point reduction of Amendment 715 this is reduced to 36. U.S.S.G. §2D1.1 App. Note 10(D)(i). [1]

The result, however, does not allow for the reduction of the Defendant's sentence. He received a four level enhancement to account for his leadership role in the conspiracy. U.S.S.G. §1B1.10(b)(1) (all other guideline applications remain the same). Therefore his Total Offense Level is 40. This together with his criminal history of III, yields a guideline range of imprisonment of 360 months to life. This is identical to the range applied at Defendant's sentencing. Because application of the amendment does not have the effect of lowering the Defendant's guideline range, the Court may not reduce his sentence. U.S.S.G. §1B1.10(a)(2)(B).

---

[1] The exception to the two point reduction as found in U.S.S.G. §2D1.1 App. Note 10(D)(ii)(II) does not apply. When calculating the offense level based solely on the cocaine powder involved, the marihuana equivalent is 18,740 kg, for which the Base Offense Level is also 36 - just as it is for the combination of the cocaine powder together with the cocaine base at issue herein. Since the Base Offense Level derived by applying the two point deduction under 715 is *not less than* the Base Offense Level derived by using the cocaine powder alone, the two point deduction applies U.S.S.G. §2D1.1 App. Note 10(D)(ii)(II).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Modification of Sentence [Doc. 289] is hereby **DENIED**.

Signed: November 11, 2010

Martin Reidinger
United States District Judge